Good morning. May it please the court my name is Lonnie Davis. I'm the representative of the appellant in this case. Mr. Rafford We were here this morning I believe to present two issues But before I get to those issues I Want to say initially that we are not in any way challenging judge Thorpe's concern about providing a fair trial We think his obligation to do that was fundamental we have no question that he did so We're here before the court this morning because we have a situation Almost exactly like the one presented in the case of Duvall versus Kitsap County We have a man with a severe hearing impairment who needs an accommodation so that he can observe his son's trial He is denied an accommodation that is effective and The county is acting in a deliberate manner when it denies that I see yeah, that's what I see as the issue whether or not there was deliberate indifference Which is a fairly high standard to me. It is a high standard your honor and before I get to the answer my reserve five minutes for If I couldn't It is a high standard, but we think it is clearly met here There's no question that they knew of mr. Rafford's hearing impairment Right they did provide him with a Certain Accommodation, but he wanted something else correct. He wanted real-time. He wanted real-time Is there any case that stands for the proposition that he gets to pick what the accommodation is the federal regulations? Make it clear that the county is to give primary consideration to the accommodation He selects now they're not absolutely bound to provide the accommodation he selects if they provide something which is equally effective and We submit the record here makes it clear that the accommodation they did provide was not equally effective When compared to real-time captioning real-time isn't even exactly I mean people that have looked at it that it It isn't always exactly accurate the court reporter has to go back, and they're taking things down You know they understand certain things and then they have to go back And then they have to appropriately comport that to what what they're you know how they interpret it How they do their work and all of that so you know allowing someone to look at real-time when That's not going to be necessarily the official Transcript and a person looking at it doesn't understand exactly how that the court reporter does it could create something misleading There's certainly a potential your honor, but I think the record makes it clear that mr. Rafford was familiar with real-time captioning he had used it many times in the past Well, he knows that but he doesn't know the court reporter He doesn't know how the court reporter takes his or her notes, right? No, he doesn't know that but I don't think that reaches the essential Inequality of the assistive listening device they did provide where entire portions of the proceeding were not just Subject to typographical errors or misspellings He couldn't hear entire portions of what was going on did did judge did judge Thorpe have? real-time Captioning in his chamber in his courtroom in His courtroom no, I don't I don't know the answer to that your honor I don't think the record reflects whether he had the necessary equipment the record makes it Is that the method of reporting that he regularly used? Probably not because he wasn't regularly dealing with people with severe hearing impairment That's not why courts don't have real-time to accommodate To do an ADA Accommodation they're doing it for other I mean the primary reason for having real-time that you know That may be something that is down the line, but that's not why courts have real-time. I Mean are you asserting that I mean that I'm sorry. I'm not following your question. Well Courts don't adopt using real-time Because they're anticipating the event where someone with a hearing disability and a hearing impairment will want to use it That's not the purpose of it. I Respectfully disagree your honor when a person who is disabled within the Why courts employ real-time as when they make a bait when the court report when they make a basis to use that Are you saying that that is the major reason that they use real-time? To accommodate people of hearing impairments no, I'm sure it's not okay. No that was my question I was asking you what's the ordinary practice in the courtroom? Because that makes a difference in terms of whether or not the judge Ordinarily use real-time if he ordinarily use real-time, and he refused to use it as an accommodation That would be a different matter But I have another question who made the ultimate decision whether or not to use real-time in the courtroom The ultimate decision the initial decision was made by the judge We're about the ultimate decision. That's what she's asking. That's what's troubling to me. Mr. Davis. It looks like judge Thorpe engaged your client and spoke with him and the decisions the shot-calling was being done by judge Thorpe and the To hold liable for intentional discrimination were following the lead of the judge. He was telling them what kind of Accommodation was going to be permitted in his court, and he's immune He is immune your honor if he was acting in a judicial capacity Well, you don't question that here. Do you the judge Thorpe was acting in a judicial capacity? It's it's not an issue that that we have raised no But I think it is clear that the actual accommodating was being done by administrative staff What do they do? What are they to do when the judge makes the command decision that we're not going to use real-time? We're going to do we're going to use this other method. I've heard the arguments on both sides. Here's what I decide What are they to challenge him and say no? Yes. Yes, your honor. I think they are to challenge him when it becomes clear that the device Ordered by the judge is not working. The judge is the captain of the courtroom. I mean, it's Extremely difficult for somebody to say in your courtroom Here's what you're going to use despite the fact that you think something else will work better as a practical matter How would that work? I think it is difficult to say no to power your honor We all know that and it would have been perhaps difficult For a member of the court staff to tell judge Thorpe or ask judge Thorpe to change his mind And yet particularly here were where it didn't look like he just made an arbitrary decision He gave reasons why real-time wouldn't work and why he didn't want to use it and the reasons that he gave seemed like the type of reasons that peculiarly a Would think of and a judge would consider and then exercise discretion right If he had made an inquiry into the circumstances if he had asked mr. Rafford Can you control yourself? Are you going to be interrupting this trial, but he didn't do that Who had the authority to approve the accommodations in the in the record who had the authority The county policy says that the authority rests with the departmental ADA person and what We're in the record. Are you citing from to say that the authority rests with the ADA because I thought it rested with the judge I'm referring your honor to the Administrative policy adopted by the county and for us that in the record I'm looking for the page your honor. Just a moment Because I'm looking at ER volume 2 Page 88 paragraph 4 which seems to say that the judge had the authority to approve the use of a particular accommodation. I Won't take your time. You can look at it while you're waiting for your rebuttal time. All right. Thank you And I'll reserve the rest of my time. Thank you Please proceed counsel may please the court. My name is Doug moral I'm from the office of the Snohomish County prosecuting attorney, and I'm representing Defendant appellees Snohomish County in this matter Addressing a few points that counsel raised in his argument He attempts to like in this case to Deval and I think that's a Mistake for some reasons obviously Deval is is the authority we look at in this case There are important distinctions between this case and Deval among them being In that case obviously it's a difference between being a litigant and a spectator well, I understand what you're saying about that, but on the other hand a courtroom is a public forum and Much like if we were to you know say not have ramps so that people could get into the courtroom I mean making something a public forum that you you are excluding You know someone that has a disability or an impairment You know, it's it would be a problem so I'm assuming what it let's say if we're in Deval the person was a participant and He is a court spectator. I'll be it but it was his son's proceeding and he Wanted to do that if we were to conclude that spectators are to be given Equal accommodation as participants would this alter your analysis? Under Deval did the county intentionally discriminate if that were the case It wouldn't your honor and and the reason are the other differences between Deval I was raising the difference between a spectator and a litigant not so much for the proposition that the county has no duty to spectators That's not something the county's advanced in its briefing as much for prudential issues as for legal ones The courts not interested in taking the position that doesn't have to accommodate its spectators Technical assistance manual says opposite right and it's not taking that position but where I do raise the spectator litigant distinction is because I think it folds into the analysis of the intent and how you judge the county's intent in its Method for choosing an accommodation and what I mean by that is and and this is not yet addressing your point judge Callahan I am getting The point of the point I was making was that if you're looking at well, what is a reasonable response to this issue? What you do for a litigant might be different than what you do for a spectator For instance in this case if it was mr. Efford son He's facing the prospect of being civilly committed as a sexually violent predator for a long period of time Potentially if he couldn't hear it's a major issue in the trial so if if a litigant can't hear during the proceedings that Fundamentally affects the fairness of what happens there on the other hand So let's just say that if a litigant had the same faulty hearing that That the appellant is claiming Would that be deliberate indifference? No, and the answer or that my response to that gets into the differences between Duvall and that is It's not just in the fact that he's spectator litigant. It's also the fact that In Duvall the litigant in that case informed the court that an ALD Assistive listening device flat-out was not going to work for him, and he actually didn't even use it It's a difference in kind And on top of that In Duvall the court had no prior knowledge of of the litigant of mr. Duvall in that case very different here. The court is well aware of Mr. Rafford For a number of reasons but also because he actually filed With the Department of Justice a complaint in the years prior asking to get ALD And the county agreed to provide that so in looking at the facts of our case or actually getting back to your Hypothetical if it was the litigant that was having the exact same issues If the county had pre knowledge of him If the litigant had asked for an ALD in the past and if all the litigant had identified as being wrong with the ALD were Relatively minor issues not something like Duvall where it's these just are not compatible with my hearing aids Which you have in that case as opposed to minor issues like people are walking in front of the transmitter and that creates static Well, the easy response to that is but we'll make sure people don't do that or people not speaking into microphones Same issue. We'll make sure people speak into microphones. These are relatively easy things to fix And in our case the facts of our case, those were the problems that were identified In Duvall, not so much Duvall. It was a flat-out this this chosen method of accommodation is not going to work for me whatsoever The facts in this case in the record when I was asking appellants counsel Did what's real-time regularly used in this courtroom? Um, I don't think that's clear in the record Speaking outside the record. I don't know that that's true. But again, that's nothing appears in the record about whether it was used regularly We have to stick to the record, right? The other I think I think the other issue that has come up a bit in Appellants arguments from some of the declarations that it would be an interruption of the trial to set up real-time Which is sort of an indication that it wasn't regularly used because if it had to be set up there My impression is it wasn't something commonly occurring. But again, that's something that I don't think anyone Submitted a declaration to that effect. You think the county officials had an obligation to buck the judge's decision here I Know on the facts of this case And the reason for that being it's kind of consistent with my argument thus far and that is To the county's knowledge ALD was something that could be an effective accommodation. It was something. Mr. Rafford had asked for in the recent past You're kind of a little bit of a weasel here That you would say that there would be certain Circumstances where if a judge if a county were aware that a judge were not accommodating Pursuant to the ADA and putting the county at risk that the county should do something Not trying to be a weasel. Certainly your honor You said under the circumstances I sort of I picked up on that I guess what I meant by that is I was trying to focus on the facts of our case, but in answer to your question I don't believe that the county necessarily has the power to tell a judge what to do Especially and as was decided by Chief Judge lasnik in this decision Judge Thorpe was entitled to judicial immunity. It was a judicial decision. He made not an administrative one Well, that was my question if according to the declaration This was the judge's call and the county officials were just doing whatever the judge were accommodating whatever the judge Decided so if we assume that it was the judge's decision, how could the county officials? Buck that decision even in a case where you might think it would be appropriate. How would that work? I'm not sure. They'd have an absolute right to Trump his decision I think they could attempt to talk to the judge obviously, but I think ultimately it is the judge's call I can't imagine somebody dragging equipment into a judge's Courtroom over the judge's objection. I just don't know how that would work. And you know, it's really in Snohomish County we're very conscious of the separation between the you know The county's role is people that fund the facilities and the judge's role and running the courtroom the gr-29 issue under under Washington law Not something we've briefed necessarily But I think the your honors are right in that the county isn't a bit of a jam in that circumstance Well, would that be would that go to the issue of whether they were being deliberately indifferent? um No, and again, this is where I was weaseling perhaps in your words, I think the issue is That was not a good word to use You don't appear in any way to be a weasel For what it's worth, I'll take it as a compliment The difference being in in the facts of our case I mean, I keep trying to go back to the facts of our case and there may be a case where the circumstance changes But here what people knew was effectively the same what the court administrators knew and what judge Thorpe knew were effectively the same things That being ALD is something we've we being the court and the county has used in the past effectively There have been identified minor issues. But again Actually, the Declaration of Maryland Finson indicates that they've used it approximately 10 to 12 times a year for jurors and witnesses Counsel opposing counsel referenced the the plan the ADA plan for the county and said that the plan made the office of Equal and opportune or whatever. The office is a human rights or whatever that office is responsible for the accommodation decisions What's your response to that? The the the policy he referenced and it was it's evidentiary record 35 and 36 of the pages where it exists. Let me actually make let me double-check that Yeah, 38 and 39, sorry the significance of that is it's it's a policy adopted by the executive's office and it's Certainly something the court attempts to abide by but it's not necessarily Binding on a court for the gr-29 issue. I'd read about talked about before the gr-29 issue is the state Rule adopted by our Supreme Court. I Believe the court attempted to follow it, but ultimately it It doesn't mean what it says I mean a judge is still going to control his courtroom County doesn't have the authority to trump what a judge wants to do If in fact that's deemed a violation of that policy. I would point to The decision and I think it's a member Which was cited by Deval actually Where in that case there was a violation of policy of the defendant and the court ultimately said that wasn't Something of import that's not necessarily per se a violation of the ADA The underlying concern is whether whether an accommodation is provided And that kind of folds in actually to the the other point I've been trying to get to but haven't yet. Well, you need to wrap up because I'm tempted to oh, I'm sorry The point I was trying to make is it's very easy to confuse the issues here between was an effective accommodation provided as opposed to judging Well, what was the level of the county's intent? And in some I think chief judge lasnik got it right and looking at the totality of the circumstances. You're looking at Someone that's requested ALD in the past even litigated it Well to the extent that filing complaint in the DOJ is litigation Has asked for it to that degree and we're providing it and and there's further evidence of the court Bending over backwards to make it work and no indication. It wouldn't work. All right, so thank you Rebuttal we'll give you two minutes for a bottle two minutes Counsel has pointed out the pages that I was going to point out to the court as well. I Fully understand your concern about and you our recognition that the judge Controls his or her courtroom. No question about that But if that was the end of the analysis, that's where Duvall would have stopped There is an additional layer of administrative Action that comes into play here and it's that administrative action that we think Didn't happen as a result of deliberate indifference None of the administrative staff could have dragged that equipment into the courtroom over the judge's objection But they could have told the judge your honor. Mr. Rafferty has made it clear to us This is just not working. Would you reconsider they could have asked that no indication in the record that they did and I think that's where the crux of this case lies So that question if they had they done that there would not be deliberate indifference are you is that your concession If they had done all they could to accommodate him Well, if they'd asked the judge and the judge said no if they'd said judge where we'll bring this equipment in We'll do that or whatever, but the judge says no and the judge is the captain of the ship I mean I'm hearing you say that's not delivered. Then there would be no deliberate indifference If the judge was acting within his capacity as a judge if this was a judicial act The decision on but how to accommodate. Mr. Rafford if that was a judicial act, then the judge is immune That's the end of it. It goes on you conceded that in this case, right in this case. I did concede it Your honor. I was responding to the hypothetical It Was clear from the very first time. Mr. Rafford made his request for an accommodation at his son's trial That the ALDs which he had used in the past Was subject to problems. It's not as though this Problem was raised by mr. Rafford for the first time at his son's trial When he spoke with mr. Knutson when he wrote the letter He explained that there had been problems in the past with the ALDs And this is more Than just a passing problem that could be cured It wasn't cured and the record indicates that there was an entire portion of the trial that mr Rafford couldn't hear. All right. Thank you counsel. You've exceeded your time. Thank you to both counsel The case just argued is submitted for decision by the court
judges: Burns, Rawlinson, Callahan